UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **SHADOW GLEN 2021, LLC**<br><br>*Plaintiff*,<br><br>v.<br><br>**STEWARD HEALTH CARE SYSTEM, LLC,** d/b/a **GLENWOOD REGIONAL MEDICAL CENTER** and **MPT OF WEST MONROE, LLC**<br><br>*Defendants.* | 3:22-cv-05163<br><br><br>**JUDGE DOUGHTY**<br><br><br><br>**MAG. JUDGE MCCLUSKY** |

**STEWART HEALTHCARE SYSTEM LLC AND
MPT OF WEST MONROE, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, Steward Health Care System LLC ("**_Steward_**") and MPT of West Monroe, LLC ("**_MPT_**") (collectively, "**_Defendants_**"), file this Answer and Affirmative Defenses to the Verified Complaint ("Complaint") [Doc. 1] filed by Plaintiff Shadow Glen 2021, LLC ("**_Shadow Glen_**") as follows:

**I. ANSWER**

1.  The allegations contained in Paragraph 1 of the Complaint require no response from Defendants. However, to the extent a response is required, out of an abundance of caution Defendants deny the allegations contained in Paragraph 1 of the Complaint for lack of information to justify belief therein.

2.  With respect to the allegations contained in Paragraph 2 of the Complaint, Steward admits it is a limited liability company organized under the laws of the State of Delaware with a principal address of 1900 North Pearl Street, Suite 2400, Dallas, Texas 75201.

- 1 -

- 2 -
America:1453679/00539: 131283492v.1

Defendant further admits that the information contained in paragraph 2 of the Complaint related to its registered agent in the State of Louisiana.

3. With respect to the allegations contained in Paragraph 3 of the Complaint, MPT admits it is a limited liability company organized under the laws of the State of Delaware with a principal address of 1000 Urban Center Drive, Suite 501, Birmingham, Alabama 35242. MPT further admits the allegations contained in Paragraph 3 of the Complaint related to its registered agent in the State of Louisiana.

4. The allegations contained in Paragraph 4 of the Complaint do not require a response from Defendants. However, out of an abundance of caution, the allegations contained in Paragraph 4 of the Complaint are denied.

5. The allegations contained in Paragraph 5 of the Complaint related to Shadow Glen Apartments are denied for lack of information to justify a belief therein. The allegations contained in Paragraph 5 of the Complaint related to Steward and MPT are denied as written.

6. The allegations contained in Paragraph 6 of the Complaint are denied.

7. The allegations contained in Paragraph 7 of the Complaint are denied as written.

8. The allegations contained in Paragraph 8 of the Complaint are denied for lack of information to justify a belief therein.

9. The allegations contained in Paragraph 9 of the Complaint are denied for lack of information to justify a belief therein.

10. The allegations contained in Paragraph 10 of the Complaint are admitted.

11. The allegations contained in Paragraph 11 of the Complaint are denied as written.

12. The allegations contained in Paragraph 12 are denied as written.

America:1453679/00539: 131283492v.1

13. The allegations contained in Paragraph 13 of the Complaint are denied for lack of information to justify a belief therein.

14. Defendants admit that a change in ownership occurred in 2017. All other allegations contained in Paragraph 14 of the Complaint are denied as written.

15. Steward admits that the quotations from the cited press release are contained therein. Steward further states that the press release, as a written instrument, is the best evidence of its contents, and any and all allegations beyond the contents of the press release are specifically denied. MPT denies the allegations contained in Paragraph 15 of the Complaint for lack of information to justify a belief therein.

16. The allegations contained in Paragraph 16 of the Complaint are denied as written.

17. Steward admits that the quotations from the cited press release are contained therein. Steward further states that the press release, as a written instrument, is the best evidence of its contents, and any and all allegations beyond the contents of the press release are specifically denied. MPT denies the allegations contained in Paragraph 15 of the Complaint for lack of information to justify a belief therein.

18. The allegations contained in Paragraph 18 of the Complaint are denied for lack of information to justify a belief therein.

19. The allegations contained in Paragraph 19 of the Complaint are denied for lack of information to justify a belief therein.

20. The allegations contained in Paragraph 20 of the Complaint are denied for lack of information to justify a belief therein.

21. The allegations contained in Paragraph 21 of the Complaint are denied for lack of information to justify a belief therein.

America:1453679/00539: 131283492v.1

22. The allegations contained in Paragraph 22 of the Complaint are denied as written.

23. The allegations contained in Paragraph 23 of the Complaint are denied at this time for lack of information to justify a belief therein.

24. The allegations contained in Paragraph 24 of the Complaint are denied for lack of information to justify a belief therein.

25. The allegations contained in Paragraph 25 of the Complaint are denied for lack of information to justify a belief therein.

26. The allegations contained in Paragraph 26 of the Complaint are denied.

27. The allegations contained in Paragraph 27 of the Complaint are denied for lack of information to justify a belief therein.

28. The allegations contained in Paragraph 28 of the Complaint are denied for lack of information to justify a belief therein.

29. The allegations contained in Paragraph 29 of the Complaint are denied for lack of information to justify a belief therein.

30. The allegations contained in Paragraph 30 of the Complaint are denied for lack of information to justify a belief therein.

31. The allegations contained in Paragraph 31 of the Complaint are denied for lack of information to justify a belief therein.

32. The allegations contained in Paragraph 32 of the Complaint are denied for lack of information to justify a belief therein.

33. The allegations contained in Paragraph 33 of the Complaint are denied for lack of information to justify a belief therein.

America:1453679/00539: 131283492v.1

34. The allegations contained in Paragraph 34 of the Complaint are denied for lack of information to justify a belief therein.

35. The allegations contained in Paragraph 35 of the Complaint are denied for lack of information to justify a belief therein.

36. The allegations contained in Paragraph 36 of the Complaint are denied for lack of information to justify a belief therein.

37. The allegations contained in Paragraph 37 of the Complaint are denied for lack of information to justify a belief therein.

38. The allegations contained in Paragraph 38 of the Complaint are denied.

39. The allegations contained in Paragraph 39 of the Complaint are denied.

40. The allegations contained in Paragraph 40 of the Complaint are denied for lack of information to justify a belief therein.

41. The allegations contained in Paragraph 41 of the Complaint are denied for lack of information to justify a belief therein.

42. The allegations contained in Paragraph 42 of the Complaint are denied for lack of information to justify a belief therein.

43. The allegations contained in Paragraph 43 of the Complaint are denied for lack of information to justify a belief therein.

44. The allegations contained in Paragraph 44 of the Complaint are denied for lack of information to justify a belief therein.

45. The allegations contained in Paragraph 45 of the Complaint are denied for lack of information to justify a belief therein.

46. The allegations contained in Paragraph 46 of the Complaint are denied.

47. The allegations contained in Paragraph 47 of the Complaint are denied for lack of information to justify a belief therein.

48. The allegations contained in Paragraph 48 of the Complaint are denied for lack of information to justify a belief therein.

49. With regard to the allegations contained in Paragraph 49 of the Complaint, Defendants admit the existence of counsel's January 17, 2022 correspondence referenced therein. All other allegations of Paragraph 49 of the Complaint are denied.

50. Defendants deny Paragraph 50 of the Complaint on the basis that counsel's correspondence as a written instrument is the best evidence of its content, terms and conditions, and any and all allegations at variance therewith are specifically denied.

51. The allegations contained in Paragraph 51 of the Complaint are denied.

52. The allegations contained in Paragraph 52 of the Complaint are denied for lack of information to justify a belief therein.

53. The allegations contained in Paragraph 53 of the Complaint are denied for lack of information to justify a belief therein.

54. The allegations contained in Paragraph 54 of the Complaint are denied for lack of information to justify a belief therein.

55. The allegations contained in Paragraph 55 of the Complaint are denied for lack of information to justify a belief therein.

56. The allegations contained in Paragraph 56 of the Complaint are denied for lack of information to justify a belief therein.

57. The allegations contained in Paragraph 57 of the Complaint are denied for lack of information to justify a belief therein.

America:1453679/00539: 131283492v.1

58. The allegations contained in Paragraph 58 of the Complaint are denied for lack of information to justify a belief therein.

59. The allegations contained in Paragraph 59 of the Complaint are denied for lack of information to justify a belief therein.

60. The allegations contained in Paragraph 60 of the Complaint are denied for lack of information to justify a belief therein.

61. The allegations contained in Paragraph 61 of the Complaint are denied for lack of information to justify a belief therein.

62. The allegations contained in Paragraph 62 of the Complaint are denied.

63. The allegations contained in Paragraph 63 of the Complaint are denied for lack of information to justify a belief therein.

64. To the extent that Paragraph 64 of the Complaint requires a response from Defendants, the allegations contained in Paragraph 64 are denied.

65. The allegations contained in Paragraph 65 of the Complaint are denied for lack of information to justify a belief therein.

66. The allegations contained in Paragraph 66 of the Complaint are denied for lack of information to justify a belief therein.

67. The allegations contained in Paragraph 67 of the Complaint are denied.

68. The allegations contained in Paragraph 68 of the Complaint are denied.

69. The allegations contained in Paragraph 69 of the Complaint are denied for lack of information to justify a belief therein.

70. The allegations contained in Paragraph 70 of the Complaint are denied.

71. The allegations contained in Paragraph 71 of the Complaint are denied.

America:1453679/00539: 131283492v.1

72. The allegations contained in Paragraph 72 of the Complaint are denied for lack of information to justify a belief therein.

73. The allegations contained in Paragraph 73 of the Complaint are denied for lack of information to justify a belief therein.

74. The allegations contained in Paragraph 74 of the Complaint are denied.

75. To the extent Paragraph 75 of the Complaint requires a response from Defendants, the allegations of Paragraph 75 of the Complaint are denied.

76. The allegations contained in Paragraph 76 of the Complaint are denied for lack of information to justify a belief therein.

77. The allegations contained in Paragraph 77 of the Complaint are denied for lack of information to justify a belief therein.

78. The allegations contained in Paragraph 78 of the Complaint are denied for lack of information to justify a belief therein.

79. The allegations contained in Paragraph 79 of the Complaint are denied.

80. The allegations contained in Paragraph 80 of the Complaint are denied.

81. The allegations contained in Paragraph 81 of the Complaint are denied for lack of information to justify a belief therein.

82. The allegations contained in Paragraph 82 of the Complaint are denied.

83. The allegations contained in Paragraph 83 of the Complaint are denied.

84. To the extent that Paragraph 84 of the Complaint requires a response from Defendants, the allegations of Paragraph 84 of the Complaint are denied.

85. The allegations contained in Paragraph 85 of the Complaint are denied for lack of information to justify a belief therein.

America:1453679/00539: 131283492v.1

86. The allegations contained in Paragraph 86 of the Complaint are denied.

87. The allegations contained in Paragraph 87 of the Complaint are denied.

88. The allegations contained in Paragraph 88 of the Complaint are denied.

89. The allegations contained in Paragraph 89 of the Complaint are denied.

90. The allegations contained in Paragraph 90 of the Complaint are denied.

91. The allegations contained in Paragraph 91 of the Complaint are denied.

## II. AFFIRMATIVE DEFENSES

Without assuming the burden of proof, Defendants assert the following defenses:

### FIRST AFFIRMATIVE DEFENSE

Defendants deny that they are liable for any damages. In the alternative, however, if Defendants were to be found liable, Defendants affirmatively plead that they are not liable for unforeseeable, unavoidable, unreasonable, indirect, consequential, or special damages and/or for amounts voluntarily paid and/or for amounts paid for which rights, property, or anything else in value was given in exchange.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff are barred in whole or in part by superseding and intervening causation for which Defendants are neither responsible nor liable.

### THIRD AFFIRMATIVE DEFENSE

The damages of Plaintiff, if any, were the result in whole or in part of an Act of God, irresistible force or occurrence of nature, seismological events, *force majeure*, and/or otherwise were unforeseeable or unavoidable under the circumstances and, as such, are not the result of any fault or other act, conduct, or omission of Defendants or for which Defendants are or could be

held responsible and, in all events, are not recoverable by Plaintiff as damages against Defendants.

## FOURTH AFFIRMATIVE DEFENSE

The damages of Plaintiff, if any, were caused or contributed to by their own inattention and/or negligence which should act as a mitigating factor to any recovery herein. Defendants plead contributory negligence and comparative negligence and/or fault as affirmative defenses.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to undertake appropriate and reasonable steps to prevent, mitigate, minimize, or avoid any damages it has allegedly sustained, and/or otherwise acted in such a manner as to aggravate or exacerbate any such damages, any recovery against Defendants must be reduced by the amount attributable to that failure.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or subject to reduction based upon the doctrine of contributory fault and assumption of risk principles.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has sustained any damage, loss, or injury in connection with the acts, omissions, and/or occurrences alleged, described, or otherwise identified or referenced in its Complaint (which is expressly and specifically denied), any such damage, loss, or injury was legally and proximately caused by Plaintiff's failure to conduct its own operations and affairs in a reasonable and prudent manner and/or by Plaintiff's own intentional, reckless, willful, gross and/or negligent misconduct and delictual fault, lack of care, breach of duty, and/or quasi-offenses for which Defendants are neither responsible nor liable and which acts as a complete bar to the claims against Defendants.

America:1453679/00539: 131283492v.1

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled under the law to the damages that they seek, the alleged damages sought are too speculative or uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are speculative, uncertain, contingent and/or premature.

## TENTH AFFIRMATIVE DEFENSE

Defendants assert the defenses of set-off and recoupment and further assert that they are entitled to a credit for any and all amounts paid by responsible parties and/or that Plaintiff receives from any source as compensation for alleged losses.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent any claims between Plaintiff, on the one hand, and Defendants, on the other hand, are not ripe or are moot, this action should be dismissed pursuant to the doctrines of ripeness and/or mootness.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred by the defenses of unclean hands, waiver, abandonment, and acquiescence.

## THIRTEENTH AFFIRMATIVE DEFENSE

At no time did any property owned, leased, and/or controlled by Defendants, or any other entities for whom Defendants may be responsible, cause any damage to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

No act or omission by Defendants, or any other employees, agent or other person or entities for whom they may be responsible, was the direct cause, legal cause, proximate cause, contributing cause, or otherwise a cause of any damages alleged by Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred or limited due to its failure to mitigate damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by waiver and estoppel, including but not limited to judicial estoppel and equitable estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Alternatively, in the event that Defendants are found responsible in any way to Plaintiff, which is denied, Defendants are entitled to have the fault of Plaintiff, and/or other persons, entities, and/or parties allocated, regardless of whether such persons or entities are parties, and any amounts found owing to Plaintiff reduced to the extent of the apportionment of such fault to Plaintiff and/or other persons, entities and/or parties. Thus, Defendants plead third-party fault and comparative fault as affirmative defenses.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by Plaintiff's lack of damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants owed no duty or obligation to Plaintiff, by contract or otherwise, that was or could have been breached upon the premises of the claims being asserted by Plaintiff. To the extent that Defendants owed any duty or obligation to or for the benefit of Plaintiff, which is denied, Defendants fully, properly, and faithfully performed any and all such duties or

obligations in good faith and in a manner otherwise consistent with the law, and applicable industry practices and procedures.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were caused, in whole or in part, by the errors, acts, omissions, negligence, and/or fault of third parties for whom Defendants are not responsible in whole or in part. Such errors, acts, omissions, negligence, and/or fault should operate completely to bar recovery against Defendants or, alternatively, to reduce any recovery against Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants deny that they are jointly, severally, and/or solidarily liable with any other party and denies further that it is liable for the fault, negligence, and/or potential liability of any other entity or person, whether named or unnamed.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants plead the doctrine of *damnum absque injuria*. Plaintiff has not sustained any legally cognizable harm, injury, or damage on the premises of its Demands for which the law affords it any remedy or right to recover as against Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants did not have *garde*, custody or control of any property or instrumentality, the ruin, vice or defect of which, in the exercise of reasonable care, Defendants knew or should have known, would cause the damage alleged by Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff does not have a statutory or contractual basis to recover attorneys' fees and are therefore not entitled to recovery of attorneys' fees.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by prescription, peremption, laches, and/or the applicable statutes of limitations.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff possesses an interest in land, they do not have "a reason personal to the owner for restoring the original condition" of the land per *Roman Catholic Church of Archdiocese of New Orleans v. Louisiana Gas Service Co.*, 618 So. 2d 874 (La. 1993). Accordingly, to the extent Plaintiff is entitled to damages, which Defendants deny, such damages shall be capped by the diminution in value of their ownership interest in the land.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants aver that, at all relevant times, they acted in conformity with all regulatory directives and permits. Defendants further aver that the claims against Defendants are precluded by collateral estoppel insofar as such claims are premised upon Defendants' operations in compliance with permits issued by governing regulatory bodies. The actions of Defendants were at all times:

(1) Performed in compliance with accepted and permissible practices and procedures of the industry;

(2) Performed in full compliance with all legal and regulatory requirements;

(3) Performed in full compliance with all contractual requirements;

(4) Performed in good faith; and

(5) Performed in conformance with all permits.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are impermissibly vague insofar as they fail to identify any applicable laws, regulations, permits or standards purportedly violated by Defendants.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The demands of Plaintiff fail to state a claim, cause of action or right of action upon which relief can be granted against Defendants.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff may not rely on statutory and/or code and/or regulatory authorities that were not in effect at the time of the alleged acts or omissions at issue in the lawsuit in order to demonstrate or establish negligence, fault, liability, and/or damages.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The knowledge of other parties, or of any other individual or entity, may not be imputed to Defendants.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendants asserts the affirmative defenses of vagueness, ambiguity, waiver assumption of the risk, contributory negligence, comparative fault, and failure to prosecute the claims by the real parties in interest.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants plead failure to name and join an indispensable party as an affirmative defense.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendants assert the subsequent purchaser doctrine as an affirmative defense.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff waived or is estopped from asserting its attempted claims against Defendants in whole or in part to the extent that these claims arise out of actions that were unilaterally pursued or otherwise controlled by Plaintiff; actions to which Plaintiff consented or otherwise acquiesced; actions that were ratified by Plaintiff; actions for which Plaintiff assumed

responsibility by agreement or conduct; or actions that Plaintiff otherwise authorized, directed, or conducted.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff authorized, instituted, directed, controlled, orchestrated, approved, consented to, and acquiesced in any and all of the activities, operations, and uses of property that are actually relevant and material to the claims and demands set forth in Plaintiff's Complaint and, as such, Plaintiff is barred and otherwise estopped from asserting any claims or causes of action predicated upon those activities, operations, and/or uses.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants assert all Affirmative Defenses available under F.R.C.P. Rule 12 and potentially applicable under the allegations and averments of Plaintiff's Verified Complaint.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants' investigation into this matter is ongoing and they hereby expressly reserve, and disclaim any waiver to, the right to raise any additional claims, counterclaims, or defenses, including, but not limited to all affirmative defenses permitted by the Federal Rules of Civil Procedure as discovery may later reveal to be appropriate and litigation proceeds. Defendants further expressly reserve the right to amend its Answer to the Complaint, or to file additional pleadings, as additional information might become available and require such amendments or pleadings.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants are entitled to recovery, compensation or set-off of any liability it may have to Plaintiff by any and all sums or amounts owed to Defendants by Plaintiff due to Plaintiff's acts.

America:1453679/00539: 131283492v.1

Defendants reserve the right to amend their answer and to assert additional affirmative defenses and as discovery is conducted and additional defenses come to light.

WHEREFORE, Defendants pray Plaintiff take nothing by their Complaint and for such other relief as may be just and proper.

DATED: January 9, 2023.				Respectfully Submitted,

/s/ Peyton C. Lambert
**Peyton C. Lambert**
LA Bar No. 32537
LOCKE LORD LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70139
(504) 558-5135 (Phone)
(504) 910-6847 (Facsimile)
plambert@lockelord.com

**ATTORNEYS FOR DEFENDANTS STEWARD HEALTH CARE SYSTEM, LLC, d/b/a GLENWOOD REGIONAL MEDICAL CENTER and MPT OF WEST MONROE, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 9th day of January, 2023, a copy of the above and foregoing Answer and Affirmative Defenses was served via the Court's/ECF system to all parties.

/s/ Peyton C. Lambert
Peyton C. Lambert