UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SHADOW GLEN 2021, L.L.C.** | **CIV. ACTION NO. 3:22-05163** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **STEWARD HEALTH CARE SYSTEM, L.L.C.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**O R D E R**

On August 30, 2022, Plaintiff Shadow Glen 2021, L.L.C. ("Shadow Glen") filed the instant complaint in federal court against Defendants Steward Health Care System, L.L.C. ("Stewart") and MPT of West Monroe, L.L.C. ("MPT") on the lone basis of diversity jurisdiction. 28 U.S.C. §1332. Federal courts, however, are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests with the party invoking the federal forum. *Id*. Further, when jurisdiction depends on diversity of citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). This rule requires "strict adherence." *Id*.

Having reviewed the record, the court notes various deficient or ambiguous allegation(s) of jurisdiction:

All three parties are limited liability companies. For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of **all** of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).[1] Moreover, for each

---

[1] Under Louisiana law, a limited liability company is an unincorporated association. LA. R.S. 12:1301A(10).

member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches **only individuals and/or corporations**. *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship down the various organizational layers); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

Here, Shadow Glen alleged that its members are domiciled in the States of New Jersey, New York, or Virginia. (Compl., ¶ 1). However, Shadow Glen must identify its members and their respective citizenship.[2]

Furthermore, for Defendants Steward and MPT, Shadow Glen alleged little more than the States where they were organized. *See* Compl., ¶¶ 2-3. Again, however, Shadow Glen must allege the identities of **all** of Steward and MPT's members, and their citizenship, up the chain of ownership until one reaches only individuals and/or corporations.[3]

Accordingly, within the next seven (7) days from the date of this order, Shadow Glen is granted leave of court to file an amended complaint for the limited purpose of establishing diversity jurisdiction. *See* 28 U.S.C. § 1653.[4] If Shadow Glen fails to so comply, or if

---

[2] Shadow Glen must disclose its members' identities so Defendants (or the court) may traverse citizenship, if appropriate. *See also* FED. R. CIV. P. 7.1 (requiring parties to name and identify the citizenship of every individual or entity whose citizenship is attributed to that party).

[3] Consistent with the recent amendment to Rule 7.1, Steward and MPT should assist Shadow Glen with this endeavor. *See* FED. R. CIV. P. 7.1.

[4] Lest the parties suspect that the court is engaged in a hyper-technical exercise that exalts form

jurisdiction is found to be lacking, then dismissal will be recommended. FED. R. CIV. P. 12(h)(3).

      In Chambers, at Monroe, Louisiana, on this 27th day of February, 2023.

                                              KAYLA DYE MCCLUSKY
                                              UNITED STATES MAGISTRATE JUDGE

---

over substance, the undersigned observes that the Fifth Circuit takes these matters seriously. *See, e.g., Settlement Funding, L.L.C. v. Rapid Settlements, Limited*, 851 F.3d 530 (5th Cir. 2017) (party asserting jurisdiction failed to establish complete diversity, thereby requiring vacatur of the district court's judgment, with instructions to remand the matter to state court after four years of litigation); *Mullins v. Testamerica, Inc.*, 300 Fed. App'x. 259 (5th Cir. Nov. 2008) (remanding to district court to address deficient jurisdictional allegations; *Smitherman v. Bayview Loan Servicing, L.L.C.*, 2017 WL 113919 (5th Cir. Jan. 11, 2017) (remanding to district court because notice of removal did not identify members of LLC or their citizenship); *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) (dismissing case because record did not contain allegations establishing complete diversity).