UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SHADOW GLEN 2021, L.L.C.** | **CIV. ACTION NO. 3:22-05163** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **STEWARD HEALTH CARE SYSTEM, L.L.C.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**O R D E R**

On August 30, 2022, Plaintiff Shadow Glen 2021, L.L.C. ("Shadow Glen") filed the instant complaint in federal court against Defendants Steward Health Care System, L.L.C. ("Steward") and MPT of West Monroe, L.L.C. ("MPT") on the lone basis of diversity jurisdiction. 28 U.S.C. §1332. On February 27, 2023, the court reviewed the record and noted that Shadow Glen had failed to properly allege the citizenship for all three parties. (Feb. 27, 2023 Order [doc. # 25]). Accordingly, the court granted Shadow Glen leave to amend the complaint for the limited purpose of establishing diversity jurisdiction, i.e., to disclose the identities of Shadow Glen's membership and their respective citizenship, plus the identities of **all** of Steward and MPT's members, and their citizenship. Id. to identify Shadow Glen's alleging what type of entity Allstate is (i.e., a corporation, a limited liability company, or some other unincorporated association) and its citizenship. *Id.*

On March 6, 2023, Shadow Glen filed an amended complaint. (First Amended Compl. ("FAC") [doc. # 26]). However, the FAC still does not identify the members of Shadow Glen and their citizenship. *Id.*[1] Moreover, the FAC alleges that Steward is a "subsidiary of Steward

---

[1] Shadow Glen must disclose its members' identities so Defendants (or the court) may traverse citizenship, if appropriate. *See also* FED. R. CIV. P. 7.1 (requiring parties to name and identify the citizenship of every individual or entity whose citizenship is attributed to that party).

Health Care Network, Inc." ("SHCNI"). *Id*. However, it is not known whether SHCNI is the lone member of Steward, or whether there are others.[2] Shadow Glen's jurisdictional allegation regarding Steward stands in contrast to its allegation pertaining to MPT, wherein it asserted that MPT was a "*wholly* owned subsidiary of Medical Properties Trust, Inc.," (emphasis added), which presumably translates to a representation that MPT's lone "member" is Medical Properties Trust, Inc.

In short, Shadow Glen still must identify its members and their respective citizenship. It also must set forth *all* of the members of Defendant Steward Health, and their citizenship.[3]

Accordingly, within the next fourteen (14) days from the date of this order,[4] Plaintiff is granted leave of court to file another amended complaint for the limited purpose of establishing diversity jurisdiction. *See* 28 U.S.C. § 1653. If Plaintiff fails to so comply, or if jurisdiction is found to be lacking, then dismissal will be recommended. Fed. R. Civ. P. 12(h)(3).

In Chambers, at Monroe, Louisiana, on this 13th day of March, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

---

[2] Recall that for purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of **all** of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[3] Often, other parties in a case are willing to assist the party tasked with establishing jurisdiction. Consistent with the recent amendment to Rule 7.1, Steward and MPT should assist Shadow Glen with this endeavor. *See* Fed. R. Civ. P. 7.1. Nonetheless, if Defendants are not so inclined, then Shadow Glen may seek leave of court to conduct jurisdictional discovery.

[4] If Plaintiff requires additional time, it may so petition the court.