UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SHADOW GLEN 2021, L.L.C.** | **CIV. ACTION NO. 3:22-05163** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **STEWARD HEALTH CARE SYSTEM, L.L.C.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**O R D E R**

On August 30, 2022, Plaintiff Shadow Glen 2021, L.L.C. ("Shadow Glen") filed the instant suit in federal court against Defendants Steward Health Care System, L.L.C. ("Steward") and MPT of West Monroe, L.L.C. ("MPT") on the exclusive basis of diversity jurisdiction. 28 U.S.C. §1332. On February 27, 2023, the court reviewed the record and noted that Shadow Glen had failed to properly allege the citizenship for all three parties. (Feb. 27, 2023 Order [doc. # 25]). Accordingly, the court granted Shadow Glen leave to amend the complaint for the limited purpose of establishing diversity jurisdiction, i.e., to disclose the identities of Shadow Glen's membership and their respective citizenship, plus the identities of **all** of Steward and MPT's members, and their citizenship. *Id*.

On March 6, 2023, Shadow Glen filed an amended complaint. (First Amended Compl. ("FAC") [doc. # 26]). While the FAC ostensibly identified the membership and citizenship of MPT,[1] it still did not identify the members of Shadow Glen and their citizenship. *Id*. Moreover, the FAC alleged that Steward is a "subsidiary of Steward Health Care Network, Inc." ("SHCNI"). *Id*. However, it was not known whether SHCNI was the lone member of Steward,

---

[1] Shadow Glen asserted that MPT was a "wholly owned subsidiary of Medical Properties Trust, Inc.," (emphasis added), which presumably meant that MPT's lone "member" is Medical Properties Trust, Inc. *But see* fn. 6, *infra*.

or whether there were others.

Accordingly, on March 14, 2023, the court granted Shadow Glen leave to file another amended complaint for the limited purpose of establishing jurisdiction. (March 14, 2023 Order [doc. # 27]). In so doing, the court stated that Shadow Glen was required to identify its members and their respective citizenship. Furthermore, Shadow Glen had to set forth *all* of the members of Defendant, Steward, and their citizenship.

On March 29, 2023, Shadow Glen filed a Second Amended Complaint ("SAC") that neither identified its own members, nor the members of Steward and its sub-LLC(s).[2] [doc. # 29]. Shadow Glen suggested that this omission stemmed from Steward's desire to maintain the confidentiality of its members and sub-members[3] – a sentiment that Shadow Glen appears to share as to its own members. However, as the party invoking federal jurisdiction, Shadow Glen ultimately is tasked with establishing jurisdiction and bears the consequences of dismissal if it is not met.

The court again emphasizes that, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). Here, both sides have failed to comply with

---

[2] For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of **all** of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership **until one reaches only individuals and/or corporations**. *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship down the various organizational layers); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

[3] *See* Affidavit of Peyton Lambert [doc. # 28-1].

2

new Rule 7.1(a)(2), which clearly provides that in diversity cases, absent a court order excusing compliance, a party must file a disclosure statement that names and identifies the citizenship of every individual or entity whose citizenship is attributed to that party. FED. R. CIV. P. 7.1(a)(2). Further, to date, despite invitation,[4] Shadow Glen has not shown interest in conducting jurisdictional discovery to redress the matter. Before recommending dismissal, however, the court will afford Shadow Glen **one last opportunity** to properly allege the citizenship of **all three parties** (i.e., including MPT),[5] by identifying all of the members of the LLCs and the sub-LLCs and their respective citizenship. If the parties believe that they are able to satisfy the demanding criteria and limited circumstances for sealed filings set forth in *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021), then they may petition the court for leave to file their membership and citizenship information under seal. Otherwise, there remains a readily available, alternative forum of general jurisdiction where the parties may freely litigate their dispute whilst maintaining the confidentiality of their respective membership information: the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. Limited jurisdiction is exactly that—and this Court takes its duty to ensure that it has diversity jurisdiction seriously.

        Accordingly, within the next seven (7) days from the date of this order,[6] Plaintiff is granted leave of court to file yet another amended complaint for the limited purpose of

---

[4] *See* March 13, 2023 Order [doc. # 27].

[5] Given SHCNI's disappearance from Steward's membership chain, the court no longer can confidently infer that MPT's status as a "subsidiary" of Medical Properties Trust, Inc. means that the latter corporation comprises MPT's membership. Plaintiff will need to clarify this ambiguous allegation.

[6] If Plaintiff requires additional time, it may so petition the court.

3

establishing diversity jurisdiction. *See* 28 U.S.C. § 1653. If Plaintiff fails to so comply, or if jurisdiction is found to be lacking, then dismissal will be recommended. FED. R. CIV. P. 12(h)(3).

    In Chambers, at Monroe, Louisiana, on this 1st day of May, 2023.

                                                    KAYLA DYE MCCLUSKY
                                                   UNITED STATES MAGISTRATE JUDGE