**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

SHADOW GLEN 2021, LLC and

    Plaintiff,

v.                                                   Case No.: 3:22-cv-05163-TAD-KDM

STEWARD HEALTH CARE SYSTEM, LLC,
d/b/a GLENWOOD REGIONAL MEDICAL
CENTER and MPT OF WEST MONROE LLC

    Defendants.

**SHADOW GLEN 2021, LLC'S MOTION TO COMPEL DEFENDANT STEWARD HEALTH CARE SYSTEM, LLC'S RESPONSE TO ITS LIMITED JURISDICTIONAL DISCOVERY ON**

**COMES NOW**, the Plaintiff, Shadow Glen 2021, LLC ("Shadow Glen"), by and through undersigned counsel of record, pursuant to Fed. R. Civ. P 37, and moves the Court to compel Defendant's, Steward Health Care System, LLC d/b/a/ Glenwood Regional Medical Center ("Steward"), response to Shadow Glen's First Set of Jurisdictional Interrogatories and Requests for Production.

In order to ensure complete diversity, this Court has required Shadow Glen to amend its Complaint and allege the citizenship of all parties – particularly that of the members of all relevant limited liability companies. To meet that requirement, Shadow Glen moved the Court for permission to propound limited jurisdictional discovery upon Steward, to discover the identity and citizenship of its members (and sub-members), such that Shadow Glen could fulfill the pleading requirements. Shadow Glen has served limited jurisdictional discovery upon Steward, and Steward responded. Though Shadow Glen propounded only a single interrogatory and request for

1

production respectively, Steward objected and did not substantively respond. Absent Steward's proper responses, Shadow Glen cannot fully plead the identity and citizenship of Steward's members, as the Court has previously ordered Shadow Glen to do. For the reasons stated herein, as well as all others considered by this Court, Shadow Glen moves the Court to compel Steward to fully and substantively respond to Shadow Glen's limited written discovery requests, and to be further compelled to disclose the identity and citizenship of its members and all sub-members, consistent with the pleading requirements for diversity actions and past Orders of this Court.

## LAW AND ARGUMENT

Shadow Glen's interrogatory and request for production, and Steward's response to each of them, are in full as follows:

**JURISDICTIONAL INTERROGATORY NO. 1**: Please identify each and every person who is a member of Defendant, Steward Health Care System, LLC (whether individually or d/b/a Glenwood Regional Medical Center). For each such member, please set forth that member's citizenship(s). Please note the definition of "person" *supra*. This Request is made for the express purpose of complying the pleading requirements of an action grounded in diversity jurisdiction pursuant to 28 U.S.C. § 1332, and to fulfill the Court's guidance in prior orders regarding pleading citizenship. As such, and for the avoidance of doubt, this Request seeks the identity and citizenship of each and every entity (including, but not limited to, limited liability companies) and/or each and every natural person that is a member of each and every entity of Steward, as well as the same information for each and every member of any members – traced all the way back to every natural person that has any interest in Steward or that otherwise forms the

beginning of the membership chain (consistent with the definition, explanation, and purpose recited *supra*). In lieu of answering the Request here, you may also create an organizational flow chart containing such information if that is more efficient.

**RESPONSE**: Defendant specifically incorporates its GENERAL OBJECTIONS and OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS herein as if fully set forth in response to this request. Defendant also objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. The request also covers matters that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this Request to the extent that it seeks information or documents which are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, the common interest privilege, the regulatory privilege, or any other applicable privilege or doctrine. Defendant further objects to this Request to the extent it seeks information and/or the production of documents that Defendant is under an obligation to third parties not to disclose. Defendant objects to the Request to the extent it inquires about or requires the production of confidential, proprietary, and/or trade secret information without adequate protection. Subject to and without waiving said objections, please see the Affidavit of Peyton C. Lambert produced in this matter on March 23, 2023.

\*   \*   \*

**JURISDICTIONAL REQUEST NO. 1**: Please produce an organizational (org) chart which shows and illustrates the identity and citizenship of each and every entity (including, but not limited to, limited liability companies) and/or each and every natural person that is a member of each and every entity of Steward, as well as the same information for each and every member of any members – traced all the way back to every natural person that has any interest in Steward or that otherwise forms the beginning of the membership chain. In the event no such org chart presently exists, please produce other documents sufficient to show and disclose the identity and citizenship of each and every entity (including, but not limited to, limited liability companies) and/or each and every natural person that is a member of each and every entity of Steward, as well as the same information for each and every member of any members – traced all the way back to every natural person that has any interest in Steward or that otherwise forms the beginning of the membership chain (consistent with the definition, explanation, and purpose recited *supra*).

**RESPONSE**: Defendant specifically incorporates its GENERAL OBJECTIONS and OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS herein as if fully set forth in response to this request. Defendant also objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. The request also covers matters that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this Request to the extent that it seeks information or documents which are protected from disclosure by the attorney-

>client privilege, the attorney work-product doctrine, joint defense privilege, the common interest privilege, the regulatory privilege, or any other applicable privilege or doctrine. Defendant further objects to this Request to the extent it seeks information and/or the production of documents that Defendant is under an obligation to third parties not to disclose. Defendant objects to the Request to the extent it inquires about or requires the production of confidential, proprietary, and/or trade secret information without adequate protection. Subject to and without waiving said objections, please see the Affidavit of Peyton C. Lambert produced in this matter on March 23, 2023.

(Steward's June 22, 2023, Objections and Responses to Shadow Glen's Limited Jurisdictional Discovery, attached hereto as **Exhibit A**).

In opposition to the simple request to identify its members, Steward asserts every generalized objection ubiquitous to discovery responses – including relevance and privilege. Steward has failed to set forth, with any specificity, why any of those objections would apply. The information sought is clearly relevant and material considering the Fifth Circuit's pleading requirements and the prior Orders of this Court. Shadow Glen does not know the identity and citizenship of Steward's members, which this Court has required it to plead with some specificity, and therefore Shadow Glen has asked (and Steward needs) to identify its members. The membership of a limited liability is not confidential or proprietary information, nor would any recognized privilege shield its disclosure. Even if some confidentiality protection applied — whether privilege, work product, or trade secret— Steward has failed to tell anyone what the protection is (specifically) or why and how it applies. General objections to a written discovery

5

requests are invalid, such as that the request is overly broad, is unduly burdensome, or seeks information that is not relevant and not likely to lead to the discovery of relevant evidence; objections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016); *see Hsieh v. Apache Deepwater, LLC*, No. CV 19-00408-BAJ-DPC, 2021 WL 3502467, at *6 (M.D. La. Aug. 9, 2021) ("Courts throughout the country have long interpreted the federal rules to prohibit general, boilerplate objections."). Simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without setting forth "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990).

In short, there is no justifiable reason to withhold the information sought in the limited discovery, and Fed. R. Civ. P. 37 compels its disclosure and/or production.

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B). Subsection (4) likewise provides that "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

**WHEREFORE, PREMISES CONSIDERED**, Shadow Glen prays that the Court issue an Order compelling Steward to fully and substantively respond to Shadow Glen's limited written discovery requests, and to be further compelled to disclose the identity and citizenship of its

members and all sub-members, consistent with the pleading requirements for diversity actions and past Orders of this Court.

Respectfully submitted,

**GLANKLER BROWN, PLLC**


By: /s/ S. Joshua Kahane_____
   S. Joshua Kahane (*Pro Hac*)
6000 Poplar Ave., Suite 400
Memphis, TN 38119
Phone: (901) 525-1322
Fax: (901) 525-2389
jkahane@glankler.com

**HUDSON POTTS & BERNSTEIN LLP**

By: /s/ Jay P. Adams_____
   Jay P. Adams (LA 18755)
1800 Hudson Lane, Suite 300
Monroe, LA 71201
Phone: (318) 388-4400
Fax: (318) 322-4194
jadams@hpblaw.com


*Attorneys for Plaintiff, Shadow Glen 2021, LLC*

## CONSULTATION

       Counsel for the parties have conferred regarding Shadow Glen's written requests and Steward's willingness to answer and respond to the discovery. Steward expressed that it would be willing to disclose the information requested either under seal or *in camera* if permission to do so was granted by motion; however, Shadow Glen would not respond to the discovery in normal course.

                                              /s/ S. Joshua Kahane_____

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing has been served on all counsel by operation of the Court's CM/ECF system and/or Untied States Mail, postage pre-paid.

                                              /s/ S. Joshua Kahane_____