# EXHIBIT A

Steward's Responses to Shadow Glen's Limited Jurisdictional Discovery

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **SHADOW GLEN 2021, LLC**<br><br>*Plaintiff*,<br>v.<br><br>**STEWARD HEALTH CARE SYSTEM, LLC, d/b/a GLENWOOD REGIONAL MEDICAL CENTER and MPT OF WEST MONROE, LLC**<br><br>*Defendants.* | Case No. 3:22-cv-05163 |

**DEFENDANT STEWARD HEALTH CARE SYSTEM, LLC, d/b/a GLENWOOD REGIONAL MEDICAL CENTER OBJECTIONS AND RESPONSES TO SHADOW GLEN 2021, LLC'S LIMITED JURISDICTIONAL DISCOVERY**

To:    Plaintiff, Shadow Glenn 2021, LLC, by and through its attorneys of record: Joshua Kahane, Glankler Brown, PLLC, 6000 Poplar Ave., Ste 400, Memphis, Tennessee, 38119

Pursuant to the Louisiana Code of Civil Procedure, Defendant, Steward Health Care System, LLC, d/b/a Glenwood Regional Medical Center ("Defendant") responds to Plaintiff, Shadow Glen 2021, LLC'S Limited Jurisdictional Discovery as follows:

## GENERAL OBJECTIONS

Defendant responds to the Limited Jurisdictional Discovery ("Discovery Requests") subject to the following General Objections ("General Objections"), each of which it incorporates into each Response as though set forth fully therein, in addition to any specific objections set forth in the Response. Further, Defendant does not waive any objections, including, without limitation, the following objections by responding to the Discovery Requests.

**EXHIBIT A**

1. Defendant objects to the Discovery Requests to the extent that they are vague and overbroad.

2. Defendant objects to the Discovery Requests to the extent that they are unduly burdensome, and require the identification and production of information and documents not relevant or reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to the Discovery Requests to the extent that they are premature.

4. Defendant objects to producing any information or documents that are already in Respondent's possession, or are equally available to Respondent, whether in the public records or otherwise.

5. Defendant objects to the Discovery Requests to the extent that they are duplicative.

6. Defendant objects to the Discovery Requests to the extent that they seek production of information and documents that are confidential and privileged without the benefit of a confidentiality agreement and protective order.

7. Defendant objects to the Discovery Requests to the extent that they seek information or documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence in connection with the above-captioned adversary, or are otherwise beyond the scope of permissible discovery.

8. Defendant objects to the Discovery Requests to the extent that they ask for legal conclusions.

9. Defendant objects to the Discovery Requests to the extent that they seek information or documents protected by the attorney-client, work-product, consulting expert, or any other applicable privilege.

America:1453679/00539: 133478883v.1

**EXHIBIT A**

10. Defendant objects to Discovery Requests that are unlimited in time and scope.

11. Defendant reserves the right to amend and supplement its Responses on the grounds that discovery is ongoing.

12. Defendant will amend and supplement its Responses as additional information and documents become known and available through the course of written and oral fact and expert discovery.

13. Defendant responds to the Discovery Requests without conceding the relevancy or admissibility of any information or documents, and specifically reserving its rights to object to admissibility at trial.

14. To the extent that any information or materials inadvertently disclosed by Defendant in connection with any of its responses to any discovery requests are protected by privilege, confidentiality, or any other protection from discovery, Defendant shall not be deemed to have waived any such protection.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1) Defendant objects to each and every definition and instruction to the extent it seeks to impose obligations on Defendant that exceed its obligations under the Federal Rules of Civil Procedure.

2) Defendant objects to the definition of "Person" on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. Due to the breadth of the assigned definition, it also involves inquiry into matters that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

America:1453679/00539: 133478883v.1

**EXHIBIT A**

## FIRST SET OF JURISDICTIONAL INTERROGATORIES

**JURISDICTIONAL INTERROGATORY NO. 1**: Please identify each and every person who is a member of Defendant, Steward Health Care System, LLC (whether individually or d/b/a Glenwood Regional Medical Center). For each such member, please set forth that member's citizenship(s). Please note the definition of "person" *supra*. This Request is made for the express purpose of complying the pleading requirements of an action grounded in diversity jurisdiction pursuant to 28 U.S.C. § 1332, and to fulfill the Court's guidance in prior orders regarding pleading citizenship. As such, and for the avoidance of doubt, this Request seeks the identity and citizenship of each and every entity (including, but not limited to, limited liability companies) and/or each and every natural person that is a member of each and every entity of Steward, as well as the same information for each and every member of any members – traced all the way back to every natural person that has any interest in Steward or that otherwise forms the beginning of the membership chain (consistent with the definition, explanation, and purpose recited *supra*). In lieu of answering the Request here, you may also create an organizational flow chart containing such information if that is more efficient.

**RESPONSE**:

Defendant specifically incorporates its GENERAL OBJECTIONS and OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS herein as if fully set forth in response to this request. Defendant also objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. The request also covers matters that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this Request to the extent that it seeks information or documents which are protected from disclosure by the attorney-client privilege, the attorney

**EXHIBIT A**

work-product doctrine, joint defense privilege, the common interest privilege, the regulatory privilege, or any other applicable privilege or doctrine. Defendant further objects to this Request to the extent it seeks information and/or the production of documents that Defendant is under an obligation to third parties not to disclose. Defendant objects to the Request to the extent it inquires about or requires the production of confidential, proprietary, and/or trade secret information without adequate protection. Subject to and without waiving said objections, please see the Affidavit of Peyton C. Lambert produced in this matter on March 23, 2023.

**FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION**

**JURISDICTIONAL REQUEST NO. 1**: Please produce an organizational (org) chart which shows and illustrates the identity and citizenship of each and every entity (including, but not limited to, limited liability companies) and/or each and every natural person that is a member of each and every entity of Steward, as well as the same information for each and every member of any members – traced all the way back to every natural person that has any interest in Steward or that otherwise forms the beginning of the membership chain. In the event no such org chart presently exists, please produce other documents sufficient to show and disclose the identity and citizenship of each and every entity (including, but not limited to, limited liability companies) and/or each and every natural person that is a member of each and every entity of Steward, as well as the same information for each and every member of any members – traced all the way back to every natural person that has any interest in Steward or that otherwise forms the beginning of the membership chain (consistent with the definition, explanation, and purpose recited *supra*).

America:1453679/00539: 133478883v.1

**EXHIBIT A**

**RESPONSE**:

Defendant specifically incorporates its GENERAL OBJECTIONS and OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS herein as if fully set forth in response to this request. Defendant also objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. The request also covers matters that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this Request to the extent that it seeks information or documents which are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, the common interest privilege, the regulatory privilege, or any other applicable privilege or doctrine. Defendant further objects to this Request to the extent it seeks information and/or the production of documents that Defendant is under an obligation to third parties not to disclose. Defendant objects to the Request to the extent it inquires about or requires the production of confidential, proprietary, and/or trade secret information without adequate protection. Subject to and without waiving said objections, please see the Affidavit of Peyton C. Lambert produced in this matter on March 23, 2023.

**DATED:** June 22, 2023.                Respectfully Submitted,

*/s/ Peyton C. Lambert*
**Peyton C. Lambert**
LA Bar No. 32537
LOCKE LORD LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70139
(504) 558-5135 (Phone)
(504) 910-6847 (Facsimile)
plambert@lockelord.com

**ATTORNEYS FOR DEFENDANTS STEWARD HEALTH CARE SYSTEM, LLC, d/b/a GLENWOOD REGIONAL MEDICAL CENTER**

America:1453679/00539: 133478883v.1

**EXHIBIT A**

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 22, 2023, true and correct copies of the foregoing were forwarded to all parties via email.

>*/s/ Peyton C. Lambert*
>   Peyton C. Lambert

America:1453679/00539: 133478883v.1

**EXHIBIT A**