UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **SHADOW GLEN 2021, LLC**<br><br>*Plaintiff,*<br>v.<br><br>**STEWARD HEALTH CARE SYSTEM, LLC,** d/b/a **GLENWOOD REGIONAL MEDICAL CENTER and MPT OF WEST MONROE, LLC**<br><br>*Defendants.* | Case No. 3:22-cv-05163 |

### DEFENDANT STEWARD HEALTH CARE SYSTEM, LLC's OPPOSITION TO SHADOW GLEN 2021, LLC'S AMENDED MOTION TO COMPEL

Defendant, Steward Health Care System LLC, ("Defendant") respectfully submits the following response to the Amended Motion to Compel, filed by Shadow Glen 2021, LLC ("Plaintiff") (the "Motion). [Doc. 40]

The Jurisdictional Discovery at issue in the Motion seeks confidential and proprietary information from a party who is not implicated by the allegations of Plaintiff's Complaint. Thus, for the reasons more fully explained below, Plaintiff's Motion to Compel should be denied in all respects.

### I.   Introduction

Shadow Glen 2021, LLC's Complaint alleges that it sustained property damage as a result of a compromised retaining wall and other drainage issues caused by a neighboring hospital – Glenwood Regional Medical Center. In the Complaint, Plaintiff identified MPT of West Monroe LLC as the title owner of the property upon which the Hospital is located.

Plaintiff further identified Steward Health Care System, LLC d/b/a Glenwood Regional Medical as the owner of and operator of the hospital. However, this assertion is simply inaccurate on multiple grounds. First, Steward Health Care System, LLC d/b/a Glenwood Regional Medical is not a legal entity in existence. Second, the hospital at issue in this matter—IASIS Glenwood Regional Medical Center, LP—is owned by IASIS Healthcare Holdings, Inc. (a Delaware Corporation with its headquarters in Texas) and IASIS Healthcare LLC, which in turn is wholly owned by IASIS Healthcare Corporation (also a Delaware Corporation with its headquarters in Texas).[1] Said differently, there is diversity here, between Plaintiff and the *proper* hospital defendant.

Plaintiff's Complaint, as supplemented and amended, has failed to properly set forth and allege diversity of citizenship of all the parties involved. As a result, Plaintiff issued limited jurisdictional discovery related to Steward Healthcare System LLC's citizenship for diversity purposes. Plaintiff propounded one interrogatory and one request for production to Steward surrounding this issue, which has been reproduced in its entirety, along with Steward's objections, in the Motion.

## II. Law and Argument

As stated in its written responses, Steward objected to the requests as set forth by Plaintiffs on the grounds that they seek information that it is highly confidential and proprietary in nature from an entity that has no control of the hospital at issue in this matter. Plaintiff should not be afforded an opportunity to utilize jurisdictional discovery to engage in a fishing expedition

---

[1] After conducting further ownership due diligence, undersigned submits that's IASIS Glenwood Regional Medical Center, LP is the proper party to be sued as the owner of Glenwood Regional Medical Center. This entity is owned 1% by IASIS Healthcare Holdings, Inc. (a Delaware corporation with its principal place of business in Texas) and 99% by IASIS Healthcare LLC whose sole owner is IASIS Healthcare Corporation (a Delaware corporation and with its principal place of business in Texas).

surrounding the corporate structure of an entity not directly implicated in this litigation. Courts have consistently held "when a party invokes subject matter jurisdiction based on diversity of citizenship, that party must have a solid factual basis supported by evidence in order to assert that the parties are indeed diverse." *Savis, Inc. v. Warner Lambert, Inc.*, 967 F.Supp. 632, 641 (D.P.R.1997). This court should not allow Plaintiff "to utilize the Court's power to order discovery as a tool to fish for that solid factual basis." *Id*. See also *Sabo v. Dennis Technologies, LLC*, 2007 WL 1958591 (2007); *Westefer v. Snyder*, 472 F.Supp.2d 1034, 1037 (S.D.Ill.2006) (quoting *Dole v. Local 1942 Int'l Bhd. of Elec. Workers*, AFL-CIO, 870 F.2d 368, 371 (7th Cir.1989). Steward at no time sought this Court's jurisdiction, and to require it now to disclose its proprietary and confidential business structure when it is not the proper party to this litigation would be highly prejudicial and against the interest of justice.

Steward—and more relevantly, Glenwood Regional Medical Center, LP—welcome the opportunity to discuss resolution of this jurisdictional inquiry with both Counsel and the Court at the status conference scheduled in this matter for July 27, 2023.

### III. Conclusion

For the reasons set forth above, Defendant respectfully requests this Honorable Court deny Plaintiff's Motion to Compel as Plaintiff seeks confidential and proprietary information from an improper party.

America:1453679/00539: 134003423v.1

| | |
|---|---|
| DATED:  July 21, 2023. | Respectfully Submitted,<br><br>/s/ Peyton C. Lambert<br>**Peyton C. Lambert**<br>LA Bar No. 32537<br>LOCKE LORD LLP<br>601 Poydras Street, Suite 2660<br>New Orleans, Louisiana 70139<br>(504) 558-5135 (Phone)<br>(504) 910-6847 (Facsimile)<br>plambert@lockelord.com<br><br>**ATTORNEYS FOR DEFENDANTS STEWARD HEALTH CARE SYSTEM, LLC, d/b/a GLENWOOD REGIONAL MEDICAL CENTER** |

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 21, 2023, true and correct copies of the foregoing were forwarded to all parties via email.

/s/ Peyton C. Lambert
Peyton C. Lambert